UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INES VALENTIN,

Plaintiff,

-against-

DOLLAR TREE STORES, INC.

Defendant.

1:21-cv-3647-MKV

ORDER OF REMAND

MARY KAY VYSKOCIL, United States District Judge:

This personal injury action was removed to this Court from the Supreme Court of the State of New York, County of Bronx, on April 23, 2021. [ECF No. 1.] The Complaint had been filed in state court on December 23, 2020 [ECF No. 1-1] and served on Defendant on December 31, 2020 [Affidavit of Service, *Valentin v. Dollar Tree Stores, Inc.*, No. 35640/2020E (N.Y. Sup. Ct. Bx. Cty. Jan. 25, 2021), NYSCEF No. 2]. The Complaint does not quantify Plaintiff's damages but alleges that Plaintiff "was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." [ECF No. 1-1 at 5 ¶ 25.] Defendant's Notice of Removal states that Defendant wrote to Plaintiff's counsel requesting a settlement demand and proposing that the parties stipulate to limit Plaintiff's damages to $75,000, but Defendant never received a response. [ECF No. 1 ¶ 4.] "Therefore," Defendant claims, "it must be assumed that, despite no settlement demand being made, the sum in controversy, exclusive of interest and costs, is in excess of $75,000." [*Id.*]

On June 16, 2021, the Court entered an Order To Show Cause concerning, *inter alia*, why this case should not be remanded to state court for lack of subject matter jurisdiction. [ECF No. 7.] In response, Defendant submits that Plaintiff seeks, at minimum, damages in excess of $25,000—the jurisdictional threshold for New York State Supreme Court, County of Bronx. [ECF

No. 9 ¶ 6.]  Defendant reiterated its position that the amount in controversy is satisfied given Plaintiff's failure to respond to requests to clarify the damages sought and her refusal to sign a stipulation limiting damages to $75,000.  [*Id.* ¶¶ 9, 15.]

"[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*."  *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000); *see also Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361–62 (2d Cir. 2000) (noting that a federal court has an obligation, "on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists" (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977))).  A district court may *sua sponte* remand a removed action at any time for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c); *see Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006).

The removing party bears the burden of establishing jurisdiction.  *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *Grimo v. Blue Cross/Blue Shield*, 34 F.3d 148, 151 (2d Cir. 1994).  When a case is removed from state court based on federal diversity jurisdiction, the removing party must establish that the amount in controversy exceeds the $75,000 jurisdictional threshold required under 28 U.S.C. § 1332(a).  *Cavaleri v. Amgen Inc.*, 20-CV-1762 (PKC) (RML), 2021 WL 878555, at *2 (E.D.N.Y. Mar. 8, 2021) (citing *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)).  "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court."  *Lupo*, 28 F.3d at 273–74 (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961)).

Defendant has not met its burden to demonstrate that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction.  Plaintiff's allegation that she "was damaged in a

sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction" [ECF No. 1-1 at 5 ¶ 25] does not establish the requisite amount in controversy. That language clearly "is a reference to the lower civil courts of New York, which may not entertain actions seeking to recover more than $25,000, and not a reference to the federal district courts." *Abuladze v. Batista*, 20-CV-3310 (PKC) (CLP), 2020 WL 4369633, at *2 (E.D.N.Y. July 30, 2020) (citing *Woodley v. Mass. Mut.*, No. 08-CV-949 (NRB), 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008)). Defendant effectively concedes that all that can be discerned from the Complaint is that the amount in controversy exceeds $25,000. [ECF No. 9 ¶ 6.]

Defendant's reliance on "Plaintiff's inactions" is unavailing. Defendant's remedy for Plaintiff's failure to respond to Defendant's request to specify the amount of damages sought lies in state court. New York Civil Practice Law and Rules § 3017 expressly provides that the state court, on motion, may order a plaintiff to respond to an *ad damnum* demand. N.Y. C.P.L.R. § 3017(c). "Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action." *Noguera v. Bedard*, No. 11–CV–4893 (RRM)(ALC), 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011); *see also Herrera v. Terner*, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016) ("Rather than prematurely removing the action to this Court, Defendant should have availed himself of this law, pursuant to which the state court, on motion, is to order Plaintiff to respond to a demand for total damages." (citing *Nogeura*, 2011 WL 5117598 at *2)). As district courts have emphasized repeatedly in remanding cases *sua sponte*, defendants "proceed at their peril" in removing cases before utilizing C.P.L.R. § 3017(c). *Cavaleri v. Amgen Inc.*, 20-CV-1762 (PKC) (RML), 2021 WL 951652, at *3 (E.D.N.Y. Mar. 12, 2021) (collecting cases).

Furthermore, Plaintiff's refusal to sign a stipulation limiting damages to $75,000 cannot establish the requisite amount in controversy to confer subject matter jurisdiction on the Court.

*See Noguera*, 2011 WL 5117598, at *2 (collecting sources); *see also* 14AA Wright & Miller et al.,

Federal Practice and Procedure § 3702.1, Westlaw (database updated Apr. 2021) ("[A] refusal to

stipulate or contest the notice of removal normally should not be accepted by the district court as

establishing the jurisdictional amount because that might be viewed as tantamount to allowing the

parties to consent to removal jurisdiction.").  It is true that "a plaintiff's refusal to stipulate to

damages below $75,000 is *some* evidence that the amount-in-controversy requirement is met."

*Whitter v. Waizenegger*, No. 19 Civ. 283, 2019 WL 6210848, at *2 (S.D.N.Y. Nov. 21, 2019).  But

this factor has helped to establish the amount in controversy only in limited circumstances—for

example, where the plaintiff admitted in open court that damages likely exceeded $75,000, *see*

*Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008), or the allegations in the

complaint concerning the plaintiff's injuries and resulting damages made clear that the $75,000

threshold was met, *see Nickel v. Nike, Inc.*, No. 11-CV-4495 (PKC), 2011 WL 4343852, at *1–3

(S.D.N.Y. Aug. 18, 2011); *Juarbe v. Kmart Corp.*, No. 05-CV-1138 (TPG) (TS), 2005 WL

1994010, at *2 (S.D.N.Y. Apr. 7, 2005).  Here, there is no admission from Plaintiff as to the

specific amount of damages sought and the general allegations of "serious injuries," "pain, shock

and mental anguish" in the Complaint [ECF No. 1-1 ¶ 24] do not give rise to a reasonable inference

of over $75,000 in damages.

Accordingly, Defendant has failed to satisfy its burden to establish subject matter

jurisdiction.  IT IS HEREBY ORDERED that this action be REMANDED to New York State

Supreme Court, County of Bronx.  The Clerk of Court is respectfully requested to close the case.


**SO ORDERED.**

**Date:  July 8, 2021**
     **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**